GARRISON, Judge.
This is an appeal from a judgment of the district court rendered November 18, 1985 granting an exception of nonjoinder of an indispensable party and dismissing plaintiff’s suit. From that judgment, plaintiff appeals.
Sherrie Gary rented an apartment from plaintiff Jack Caron for $250.00 per month. Gary was injured while working and hired attorney Stephen Bruno to represent her in the workman’s compensation suit. Miss Gary was having difficulty paying her rent and Mr. Caron wanted to evict her. Bruno wrote the following letter to Caron:
“Dear Mr. Caron:
To confirm the subject of our recent telephone conversation, I hereby assure you that in the event of a favorable recovery against Ms. Gary’s former employer I promise that the monies which Ms. Gary owes you will be satisfied out of the proceeds of such recovery upon proper proof being submitted to the undersigned that the sums are due and owing.
Should you require further assurances please do not hesitate to contact me at your convenience.
Thanking you in advance for your continued cooperation, I remain....”
Apparently, Gary was successful in her litigation, but Caron has not been paid the *510 $2,975.00 which he alleges as due and owing. Accordingly, Caron sued the attorney Bruno to recover that amount.
Caron did not name Sherrie Gary as a defendant in the petition, nor did he attempt to have Gary served.
On September 16, 1985, Bruno filed an exception of nonjoinder of an indispensible party. No transcript of the hearing on the rule is contained in the record, thus no oral reasons for judgment were provided. Additionally, no written reasons for judgment were provided either.
C.C.P. Art. 641 provides as follows:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are jointed in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.”
The fact situation of this case is res nova. The lessee Sherrie Gary, is an indispensable party, however, we find that the trial court judge should have allowed plaintiff to amend the petition to include her as a party instead of dismissing the case. This is especially true in light of the fact that no answer had then been filed. See C.C.P. Art. 932.
For the reasons discussed, the judgment of the district court is vacated and the matter is remanded to permit amendment. JUDGMENT VACATED.
CASE REMANDED.
LOBRANO, J., concurs with reasons.
CIACCIO, J., concurs for the reasons assigned by LOBRANO, J.